TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAHLIA DWEDAR, an individual, | CASE NO: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO, | **(Jury Trial Demanded)** |
| Defendant. | |

COMES NOW, Plaintiff DAHLIA DWEDAR (hereinafter, "Plaintiff"), by and through her counsel, of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

**PARTIES**

1.　At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, experienced gender discrimination, disparate treatment and retaliation while employed by Defendant.

2.　Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

3.　Defendant is a University that operates in the State of Nevada.

1

4. Defendant regularly employs fifteen or more persons. Defendant is now and was at all times mentioned herein an "employer" of Plaintiff within the definition of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C Sections 2000e-5; (Title VII) and laws of the State of Nevada. The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of 42 U.S.C. § 12101, Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and 42 U.S.C. Section(s) 1201 *et seq.* and laws of the State of Nevada.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5, as follows:

8. Plaintiff was refused a disability accommodation and retaliated against from her job with Defendant. Plaintiff timely filed an inquiry intake form with the intent to file a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). She

thereafter timely received a perfected Charge of Discrimination with EEOC. Plaintiff has since received his Dismissal And Notice of Rights from EEOC.

9. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

10. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

11. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## **FACTUAL ALLEGATIONS**

12. Plaintiff is an individual not native to the United States of America. Plaintiff was hired by Defendant in July 2013. Plaintiff's most recent position was Teaching Assistant Professor. Plaintiff performed her duties satisfactorily.

13. Plaintiff suffers from a disability. In November 2021, Plaintiff requested to conduct courses remotely to accommodate her disability.

14. In March 2022, Defendant denied that request and proposed an alternative that would not accommodate her disability. Defendant did not respond to Plaintiff's request for reconsideration.

15. Defendant has permitted similarly situated employees without Plaintiff's disability and of a different national origin to teach courses remotely.

16. In March 2022, Plaintiff filed a Title IX discrimination and retaliation complaint against Casilde A. Isabelli (hereinafter "Isabelli").

17. In November 2022, Isabelli denied Plaintiff's application for promotion for pretextual reasons.

///

18. Plaintiff was denied reasonable accommodations in violation of the Americans with Disabilities Act of 1990, as amended. Plaintiff has been denied equal treatment and opportunities based upon her national origin. Plaintiff has been retaliated against in violation of Title VII of the Civil Rights Act of 1963, as amended.

19. After filing a charge with the EEOC and requesting FMLA, Plaintiff was terminated from her employment with Defendant.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST DEFENDANT

**(Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII of the Civil Rights Act of 1964, As Amended)**

20. Plaintiff incorporates by reference the allegations set forth in the proceeding paragraphs of the Complaint as set forth at length herein.

21. Defendant's conduct as detailed herein was in fact illegal. Plaintiff, a member of protected classes, was subjected to national origin discrimination and hostility, disparate treatment and retaliation for requesting a disability accommodation, and reporting discrimination in the workplace that was directed toward her, a protected activity, all of which are illegal activities as directed, ratified and tolerated by her employer.

22. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

20. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and intentional retaliation.

4

21. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

**(Retaliation Under Title VII)**

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

23. Defendant's conduct as detailed herein was in fact illegal. Plaintiff was subjected to discriminatory conduct and disparate treatment, and in retaliation for engaging in a protected activity all of which are illegal activities as directed, ratified and tolerated by her employer.

24. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

25. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and retaliation.

26. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

///

///

## THIRD CAUSE OF ACTION

### (Violation of Nevada Statutory Protections)

27. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

28. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their race, color and national origin. Plaintiff was discriminated against due to her race, color and national origin. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to national origin related and motivated discriminatory practices and hostility, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

29. As a direct and proximate result of Defendant's violation of NRS § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

30. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

31. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## FOURTH CAUSE OF ACTION

### Retaliation Under the ADAA

32. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

33. Defendant refused to interact with Plaintiff and refused to provide Plaintiff with reasonable accommodation for her disability, although Plaintiff was capable of performing her duties if she had been accommodated.

34. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in her position because of her disability.

35. Defendant's termination of Plaintiff was not based upon any medical justification or other reasonable reason and were discriminatory as to Plaintiff. Defendant terminated Plaintiff without just cause and because of her disability.

36. Such retaliatory adverse employment actions by Defendant were in violation of the ADAA.

37. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

38. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

39. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

///

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs;

6. An award to Plaintiff for interest on any awards at the highest rate allowed by law;

**7.** And such other and further relief as this Court deems just and appropriate.

Dated this 17th day of December 2024.   **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*