UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAHLIA DWEDAR,<br><br>                Plaintiff,<br>v.<br>State of Nevada Ex Rel. Board of Regents of the Nevada System of Higher Education, on Behalf of the University of Nevada, Reno,<br><br>                Defendants. | Case No. 3:24-CV-00583-MMD-CLB<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND PLAINTIFF'S MOTION TO FILE ELECTRONICALLY**<br><br>[ECF Nos. 34, 35] |

       This case was filed by Plaintiff Dahlia Dwedar ("Dwedar") against Defendant State of Nevada Ex Rel. Board of Regents of the Nevada System of Higher Education, on Behalf of the University of Nevada, Reno. Currently pending before the Court are three motions: (1) a motion filed by Dwedar's attorney, Trevor Hatfield ("Hatfield"), to withdraw as counsel for Dwedar, (ECF No. 34); (2) a motion filed by Dwedar seeking permission to use the Court's electronic filing system, (ECF No. 35); and (3) a motion filed by Dwedar seeking to compel Hatfield to return the retainer paid in this case, production of withheld correspondence, to vacate the attorney's lien, and for an order to show cause ("motion regarding former counsel"), (ECF No. 36.) The Court will address each motion in turn.

**I.    MOTIONS**

      **A.    Motion to Withdraw as Counsel (ECF No. 34)**

       On August 28, 2025, Hatfield filed a motion to withdraw as counsel for Dwedar. (ECF No. 34.) Hatfield provides a sworn declaration stating he was terminated as counsel by Dwedar and believes that he has a conflict with Dwedar and cannot continue as her counsel. (*Id.* at 3.)

       "[A]n attorney cannot withdraw from a case without consent of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). "Courts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021); *see also* LR IA 11-6(b) ("If an attorney seeks to withdraw

after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.").

On September 8, 2025, Dwedar filed a motion requesting authorization to register for the Court's electronic filing system, (ECF No. 35), and motion regarding former counsel. (ECF No. 36.) While Dwedar did not file a response to Hatfield's motion to withdraw, the Court construes Dwedar's request to electronically file documents with the Court herself as a consent to Hatfield's withdrawal. The motion regarding former counsel strengthens this inference, as Dwedar makes serious allegations about Hatfield's conduct and refers to him as her *former* counsel throughout the motion. (*See* ECF No. 36.)

Consequently, good cause exists and Hatfield's motion to withdraw as Dwedar's attorney, (ECF No. 34), is granted. Hatfield shall provide Dwedar with her complete case file on or before October 8, 2025.

Plaintiff is advised that although she is now proceeding *pro se*, she is still expected to fully participate in the discovery process, including in the deposition of herself and her husband regarding the fraudulent documents and handwriting. If Plaintiff fails to comply, she places herself at risk of sanctions.

B.   **Motion for Electronic Filing (ECF No. 35)**

The Court next addresses Dwedar's motion to have permission electronically file documents. (ECF No. 13.) Having the review the motion, the Court finds that good cause appears to grant this request, and Dwedar's motion for permission to file electronically, (ECF No. 13), is therefore **GRANTED**. In order for Plaintiff to file documents electronically, she is required to register and maintain a CM/ECF account, which can be found on the court's website (www.nvd.uscourts.gov) under the Self Help/E-Filing Permission link. Plaintiff shall also complete the CM/ECF tutorial and become familiar with the Electronic Filing Procedures, Best Practices and the Civil Events Menu that are accessible on the website. Plaintiff is instructed that this order granting permission to file on CM/ECF is

applicable only to this case.

### C. Motion Regarding Former Counsel (ECF No. 36)

Finally, the Court turns to Dwedar's motion regarding her former counsel. On September 8, 2025, Dwedar filed a motion seeking the return of the retainer she paid to Hatfield, the Notice of Lien filed by Hatfield be vacated and stricken from the docket, and the issuance of an order to show cause to Hatfield for "why he should not be sanctioned for breach of contract, breach of fiduciary duty, and conduct prejudicial to the administration of justice." (ECF No. 36.) Dwedar also requests that Hatfield produce her complete client file, which the Court has already ordered Hatfield to provide. (*Id.*) Although Hatfield's request to withdraw as Dwedar's attorney is granted, the Court orders that Hatfield must still file a response to the remaining aspects of Dwedar's motion on or before **Wednesday, September 24, 2025**. Hatfield is advised that failure to respond to the motion as ordered herein will be construed as a consent to the Court granting the motion.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Hatfield's motion to withdraw as counsel, (ECF No. 34), is **GRANTED**. The Clerk shall update the docket to reflect the following information for Plaintiff:

> Dahlia Dwedar
> 318 N. Cypress Estates Cir.
> Spring, TX 77388
> 202-446-8080
> deedwedar@gmail.com

The Clerk shall **SEND** a copy of this order to Plaintiff at the above address.

**IT IS FURTHER ORDERED** that Hatfield shall send Dwedar her complete case file on or before **Friday, October 10, 2025**.

**IT IS FURTHER ORDERED** that Dwedar's motion to electronically file, (ECF No. 35), is **GRANTED**.

///

///

**IT IS FURTHER ORDERED** that Hatfield shall respond to Dwedar's motion regarding former counsel, (ECF No. 36), on or before **Wednesday, September 24, 2025**.

**DATED**: September 10, 2025 .

 _____
UNITED STATES MAGISTRATE JUDGE