UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dahlia Dwedar,<br><br>    Plaintiff,<br><br>v.<br><br>State of Nevada Ex Rel. Board of Regents of the Nevada System of Higher Education, on Behalf of the University of Nevada Reno,<br><br>    Defendant. | Case No. 3:24-cv-00583-MMD-CLB<br><br>**Report and Recommendation** |

Before the Court is Plaintiff Dwedar's Motion to Set Aside [Early Neutral Evaluation ("ENE")] Settlement Agreement. (ECF No. 38). Defendant filed an Opposition to the Motion and a Counter Motion to Enforce the Settlement Agreement. (ECF No. 41). Plaintiff did not file a reply. The Court finds that there was no fraudulent inducement, fraud upon the court, lack of meeting of the minds as to material terms, or a failure of consideration as Plaintiff alleges, so the Court recommends denying her motion and granting the Defendant's Counter Motion to Enforce the Settlement Agreement.

**I.    Background.**

This case commenced when then-represented Plaintiff Dahlia Dwedar, a professor at the University of Nevada, Reno, filed her complaint on December 17, 2024. (ECF No. 1). The case was assigned to the ENE Program pursuant to Local Rule 16-6 and assigned to the undersigned Magistrate Judge to conduct the ENE. (ECF No. 2). The Court ultimately conducted the ENE on August 4, 2025, during which ENE Plaintiff appeared with her counsel of record. (ECF No. 32). After engaging in the ENE, a settlement was reached, and the essential terms of the settlement were read into the record  (*Id.*). At that time, Plaintiff was canvassed about the settlement agreement and acknowledged on the record she understood and accepted the agreement. (*Id.*).

The parties were ordered to file the dismissal paperwork by October 13, 2025, after the settlement documents were executed. (*Id.*). The Court directed defense counsel to prepare the paperwork. (*Id.*).

On August 28, 2025, Plaintiff's counsel filed a Motion to Withdraw as Attorney. (ECF No. 34). This motion was granted on September 10, 2025. (ECF No. 37). On September 11, 2025, Plaintiff, now acting Pro Se, filed the instant Motion to Set Aside ENE Settlement Agreement, arguing that there was fraudulent inducement based upon statements made by the Court during the ENE, that there was not a meeting of the minds between the parties giving the Defendant a unilateral advantage, and that there was a failure of consideration making the agreement unenforceable. (ECF No. 38).

Defendant filed an Opposition to the motion and a Countermotion to Enforce the Settlement Agreement in which it argues that Plaintiff fails to establish a basis to set aside the agreement, that Plaintiff fails to establish unilateral drafting and lack of mutual assent, and that the agreement was supported by consideration such that it should be enforced. (ECF No. 41). Plaintiff did not file a Reply.

**II.     Legal standard.**[1]

Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g.*, *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law

---

[1] Plaintiff brings her motion under Nevada Rule of Civil Procedure 60(b)(c) and Federal Rule of Civil Procedure (which Plaintiff refers to as "JCRCP") 60(b)(c). The Court does not consider her motion under these rules for three reasons. First, neither Nevada Rule of Civil Procedure nor Federal Rule of Civil Procedure 60(b)(c) exist. It appears that Plaintiff intended to refer only to Rule 60(b). Second, even if the Court construed Plaintiff as referring correctly to Rule 60(b), the Nevada Rules of Civil Procedure do not govern the Court's recommendation on this issue in this federal question case. *See* Fed. R. Civ. P. 1 ("[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts…"). Third, even if the Court were to construe Plaintiff's motions as being brought only under Federal Rule of Civil Procedure 60(b), there is not yet a final judgment in this case from which the Court may relieve Plaintiff under that rule.

requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). A contract is formed when the parties have agreed to the material terms of the agreement, even if the contract's exact language is not final. *Id*. Despite the fact that a formal settlement agreement has not yet been signed, the Nevada Supreme Court has held that a settlement contract can be formed when the parties have agreed to its material terms, even though the contract's exact language is finalized at a later time. *See May*, 119 P.3d 1257; *see also Singh v. Reed*, 551 Fed. Appx. 927 (9th Cir. 2014). Moreover, "where the parties represent in open court that a settlement was reached and place the terms of the settlement on the record, courts are empowered to summarily require the parties to comply with those terms." *Harper v. Nevada Property 1, LLC*, 552 F.Supp.3d 1033, 1043 (D. Nev. 2021).

### III. Analysis.

The Court recommends denying Plaintiff's Motion to Set Aside ENE Settlement and granting Defendant's Countermotion to Enforce Settlement agreement because the parties formed an enforceable settlement contract during their ENE. Plaintiff argues that she was fraudulently induced into the agreement such that the agreement constitutes fraud upon the court, that the parties did not reach a meeting of the minds, and that the agreement lacks consideration. Each of these arguments is unpersuasive and unsuccessful.

#### A. *Fraudulent inducement.*

To prove fraud by inducement, a plaintiff "must prove by clear and convincing evidence each of the following elements": (1) a false representation made by a party, (2) knowledge or belief by the party that the representation was false, or knowledge that it had an insufficient basis for making the representation, (3) intent to induce another party to consent to the contract's formation, (4) the other party justifiably relied upon the misrepresentation, and (5) damage to the other party resulted. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Here, Plaintiff has not shown that she was fraudulently induced into the ENE agreement. She has not established any of the elements of fraudulent inducement. Instead, she simply claims that the Court's statements pressured her into accepting an agreement she

otherwise would not have accepted. But the circumstances surrounding Plaintiff's acceptance indicate that she freely accepted the agreement. Plaintiff is a sophisticated party as evidenced by her former role as a university professor, was represented by counsel at the ENE, and indicated her assent to the terms of the agreement without hesitation or qualification. So, the Court does not find that she was fraudulently induced, or even unduly influenced, into entering the settlement agreement. She did so voluntarily and now demonstrates a change of heart, which is not a sufficient basis on which to set aside the agreement. The Court therefore recommends denying Plaintiff's motion on this ground and granting Defendant's motion to enforce.

### B. Meeting of the minds.

A "meeting of the minds" exists when the parties have agreed upon the contract's essential terms. *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012). In the case of a settlement agreement, a court cannot compel compliance when material terms remain uncertain. *May*, 119 P.3d at 1257. The court must be able to ascertain what is required of the respective parties. *Id.*

Here, Plaintiff's unadorned claim that the "written agreement deviates substantially from the recorded verbal understanding" is not sufficient for the Court to find that the parties did not agree on the material terms of the settlement agreement. Plaintiff points to no examples in the written settlement agreement that deviate from the terms to which she verbally agreed in open court. And indeed, the Court's review of the terms of the settlement placed on the record indicates that Plaintiff agreed to dismiss her claims and case against Defendant in exchange for $6,000.00, with each side to handle their own fees and costs. These terms are reflected in the written agreement.

Given Plaintiff's statements accepting these terms in open court and the fact that the written settlement agreement reflects those terms, the Court can ascertain what is required of the respective parties in this matter. So, the Court does not find that the parties failed to come to a meeting of the minds. The Court therefore recommends denying Plaintiff's motion on this ground and granting Defendant's motion to enforce.

### C. *Failure of consideration.*

"Consideration" is the exchange of a promise or performance, bargained for by the parties. *Jones v. SunTrust Mortgage, Inc.*, 274 P.3d 762, 764 (Nev. 2012). Plaintiff argues that the agreement between her and Defendant lacks consideration because the written agreement contains "a unilateral and non-negotiated 'no wrongdoing' clause," and because it does not entitle her to "emerita status" at the university. Plaintiff's arguments fail for two reasons.

First, Plaintiff's argument regarding what she refers to as the "no wrongdoing clause," appears to be an argument that the parties did not have a meeting of the minds as to this provision. Even liberally construing her argument as such, Plaintiff does not provide any argument to support the conclusion that this clause is a material term. Moreover, her claim that it is a unilateral term is false. The clause purports to bind both parties, stating that the agreement "is not to be construed as an admission of liability or wrongdoing on the part of either Party." (ECF No. 40-1 at 4). Second, Plaintiff's claim that the agreement should also entitle her to "emerita status" as Defendant's consideration ignores the fact that at the ENE Plaintiff agreed that she understood the consideration to be her promise to dismiss her claims and case in exchange for Defendant paying her $6,000.00. While agreeing to that exchange, Plaintiff did not hesitate, did not suggest additional promises, and did not express dissent. The Court therefore recommends denying Plaintiff's motion on this ground and granting Defendant's motion to enforce.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Set Aside ENE Settlement Agreement (ECF No. 38) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Countermotion to Enforce Settlement (ECF No. 41) be **granted** and this action be **dismissed with prejudice** under the terms of the binding settlement entered into at the Early Neutral Evaluation.

///

///

///

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: December 9, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE