UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAHLIA DWEDAR,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO<br><br>Defendant. | Case No. 3:24-cv-00583-MMD-CLB<br><br>ORDER |

Then-represented Plaintiff Dahlia Dwedar, University of Nevada, Reno ("UNR") professor, sued Defendant State of Nevada Board of Regents, acting on behalf of UNR, under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and Nevada law alleging employment retaliation and discrimination on December 17, 2024. (ECF No. 1 ("Complaint").) On August 4, 2025, the Court conducted an early neutral evaluation ("ENE"), a settlement agreement was reached, and the essential terms of the settlement were read into the record. (ECF No. 32.) Dwedar's counsel withdrew (ECF No. 34), and Dwedar subsequently filed a motion to set aside ENE settlement agreement (ECF No. 38 ("Motion")) asserting fraudulent inducement, fraud upon the Court, a lack of meeting of the minds as to material terms, and a lack of consideration.[1] Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Albregts (ECF No. 43), recommending that the Court deny the Motion and grant Defendant's counter motion to enforce settlement agreement (ECF No. 41). (ECF No. 43

---

[1]Defendant filed a response (ECF No. 40) and a counter motion to enforce settlement agreement (ECF No. 41). Plaintiff did not reply.

at 1, 5.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Albregts did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Albregts recommends the Court deny the Motion and grant Defendant's counter motion to enforce settlement agreement because the parties formed an enforceable settlement contract during their ENE for the following reasons. (ECF No. 43 at 3.)

First, Judge Albregts recommends and correctly found that Dwedar cannot establish a fraudulent inducement claim against Defendant. (*Id.* at 3-4.) Although Dwedar alleges that "the Court's statements pressured her into accepting an agreement," Judge Albregts notes that the circumstances indicate that she freely and voluntarily assented to the agreement's terms without hesitation or qualification. (*Id.* at 4.) Second, there is no evidence that the parties failed to agree on the material terms of the settlement agreement (i.e., dismissal in exchange for $6,000) or that the written agreement "deviates substantially from the recorded verbal understanding." (*Id.*) The Court agrees that the parties did, in fact, reach a meeting of the minds. Finally, Dwedar argues that the agreement lacks consideration because the written agreement contains "a unilateral and non-negotiated 'no wrongdoing' clause" and does not entitle her to "emerita status" at UNR. (*Id.* at 5.) As Judge Albregts correctly points out, this argument fails for two reasons. (*Id.*) First, the clause is not "unilateral"; by its terms, it purports to bind both parties.[2] (*Id.*) Second, at the ENE, Dwedar agreed that she understood the consideration to be her promise to dismiss her claims and this action in exchange for a $6,000 payment from Defendant. (*Id.*) Having reviewed the R&R, Judge Albregts did not clearly err.

---

[2]The clause in question states that the agreement "is not to be construed as an admission of liability or wrongdoing on the part of either Party." (ECF No. 40-1 at 4.)

1   It is therefore ordered that Judge Albregts' Report and Recommendation (ECF No. 43) is accepted and adopted in full.

It is further ordered that Dwedar's motion to set aside ENE settlement agreement (ECF No. 38) is denied.

It is further ordered that Defendant's counter motion to enforce settlement agreement (ECF No. 41) is granted.

It is further ordered that this action is dismissed with prejudice under the terms of the binding settlement entered into at the Early Neutral Evaluation.

The Clerk of Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 5th Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE